UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BARTECH SYSTEMS INTERNATIONAL, INC., | Case No. 2:15-cv-02422-MMD-NJK |
| Plaintiff(s), | ORDER |
| vs. | |
| MOBILE SIMPLE SOLUTIONS, INC., et al., | |
| Defendant(s). | (Docket Nos. 23, 25) |

Pending before the Court are emergency motions to stay and for a "Rule 16 conference." Docket Nos. 23, 25. Although not entirely clear, it appears the motions seek the stay of all proceedings, including deferring briefing and resolution of the pending motion for a preliminary injunction, until the Court holds the requested "conference." *See, e.g.*, Docket No. 23 at 2. The nature of this pretrial conference is not fully explained, although Defendants assert they wish to finalize a settlement and discuss terms of a preliminary injunction. *See, e.g.*, *id.* Moreover, it is unclear why Defendants believe Court intervention is beneficial at this point, especially considering the undersigned has no previous experience with this newly-filed case while counsel apparently have significant experience. *Compare* Docket No. 1 (petition of removal filed December 18, 2015) *with* Docket No. 23 at 3 ("[t]he parties have litigated this case and engaged in discovery for nearly a year when Plaintiff petitioned to remove the instant matter to this Court").[1]

---

[1] The Court generally does not order parties to appear for a settlement conference when a motion for such a conference is opposed. *See, e.g.*, *Cornett v. Gawker media, LLC*, 2014 U.S. Dist. Lexis 120214, *4 (D. Nev. Aug. 28, 2014) (quoting *McCarty v. Roos*, 2013 U.S. Dist. Lexis 139358 (D. Nev. Sept. 27, 2013)).

In short, the pending motions are **DENIED** without prejudice. Defendants may renew those motions no later than January 25, 2016. Any renewed motion must more clearly indicate what relief Defendants seek from this Court, in addition to the request to delay the briefing and decision on the pending motion for preliminary injunction. To the extent Defendants seek a settlement conference, they need to clearly state that form of relief, explain why a settlement conference with the Court's involvement is preferable to counsel seeking resolution among themselves, and why a settlement conference would not be a waste of party and judicial resources given it appears likely Plaintiff will oppose the request.[2] Any response shall be filed no later than January 26, 2016.[3]

IT IS SO ORDERED.

DATED: January 22, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[2] Defendants' counsel is required to meet-and-confer as to the requested relief prior to refiling motion. *See, e.g.*, Local Rule 7-5(d)(3) (all emergency motions must include a certification that, after personal consultation and a sincere effort to do so, the movant has been unable to resolve the dispute). The parties should file a stipulation seeking relief if Plaintiff does not oppose the request.

[3] Nothing herein should be construed as altering in any way the pending motion for preliminary injunction, including the schedule on which it will be briefed and decided.