# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| BARTECH INTERNATIONAL, INC., ) | Case No. 2:15-cv-02422-MMD-NJK |
| Plaintiff(s), ) | ORDER |
| vs. ) | (Docket No. 66) |
| MOBILE SIMPLE SOLUTIONS, INC., et al., ) | |
| Defendant(s). ) | |

Pending before the Court is the parties' motion to seal. Docket No. 66. The parties seek permission to file on the public docket only redacted versions of the following documents: Plaintiff's motion for preliminary injunction and several exhibits to that motion (Docket No. 16); Defendants' opposition to Plaintiff's motion for preliminary injunction, Errata to the opposition, and several exhibits to those documents (Docket No. 38, 42); as well as Plaintiff's reply and several exhibits to the reply (Docket No. 47, 57). Docket No. 66 at 6-9.

The Ninth Circuit has held that there is a strong presumption of public access to judicial records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178).

Parties who seek to maintain the secrecy of documents attached to a motion for preliminary injunction must meet the high threshold of showing that "compelling reasons" support secrecy. *Ctr. for*

*Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016) (holding that because a motion for preliminary injunction was "more than tangentially related to the merits" of the case, the compelling reasons standard applied). Those compelling reasons must outweigh the competing interests of the public in having access to the judicial records and understanding the judicial process. *Kamakana*, 447 F.3d at 1178-79; *see also Pintos*, 605 F.3d at 679 & n.6 (court must weigh "relevant factors," including the public's interest in understanding the judicial process).

The Ninth Circuit has indicated that "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.'" *Kamakana*, 447 F.3d at 1179 (citing *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978)); *see also Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1221-22 (Fed. Cir. 2013) (applying Ninth Circuit law regarding competitive harm to business and the definition of "trade secret"). On the other hand, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1136).

The burden to show compelling reasons for sealing is not met by general assertions that the information is "confidential" or a "trade secret," but rather the movant must "articulate compelling reasons supported by specific factual findings." *Id.* at 1178. The Ninth Circuit has rejected efforts to seal documents under the "compelling reasons" standard based on "conclusory statements about the contents of the documents – that they are confidential and that, in general," their disclosure would be harmful to the movant. *Kamakana*, 447 F.3d at 1182; *see also Vaccine Ctr. LLC v. GlaxoSmithKline LLC*, 2013 U.S. Dist Lexis 68298, *5-6 (D. Nev. May 14, 2013) (finding insufficient general assertions regarding confidential nature of documents). Such "conclusory offerings do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents." *Kamakana*, 447 F.3d at 1182. In allowing the sealing of a document, the Court must "articulate the basis for its ruling, without relying on hypothesis and conjecture." *See, e.g.*, *Pintos*, 605 F.3d at 679 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

In this case, the parties contend that the compelling reasons standard is satisfied because a "clearly defined and serious injury will result" if these documents are publicly disclosed. Docket No. 66 at 5. In particular, they contend that public access will reveal the parties' confidential business information and trade secrets as well as "result in public scandal [for the parties'] families and children, or be used to gratify spite." *Id*.

The motion, however, speaks only in general terms and fails to specify the standards for each requested redaction. A blanket contention that the documents fall under one or the other of these justifications does not suffice. The Ninth Circuit has long eschewed such conclusory assertions of confidentiality. *See, e.g.*, *Kamakana*, 447 F.3d at 1182 (rejecting conclusory assertions that documents would hinder future operations).

The motion to seal as currently presented fails to satisfy the compelling reasons standard for sealing and is therefore **DENIED** without prejudice. The Court hereby **INSTRUCTS** the Clerk's Office to keep the documents at Docket Nos. 16, 38, 42, 47, and 57 sealed for the time being. The parties must file a renewed motion to seal no later than May 4, 2016. The renewed motion must contain declarations that articulate the specific compelling reasons, supported by specific factual findings, for each requested redaction. Additionally, no later than May 2, 2016, Plaintiff must file notice with the Court as to whether it intended to file its redacted motion for preliminary injunction and reply (Docket Nos. 67, 71) under seal. In the event Plaintiff intended to file these documents under seal, it must establish specific compelling reasons for those documents to remain under seal. In the event the parties fail to do so, the Court may order the subject documents unsealed.

IT IS SO ORDERED.

DATED: April 27, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge