1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

BARTECH INTERNATIONAL, INC.,                    )        Case No. 2:15-cv-02422-MMD-NJK
                                                )
                         Plaintiff(s),          )        ORDER
                                                )
vs.                                             )        (Docket No. 86)
                                                )
MOBILE SIMPLE SOLUTIONS, INC., et al.,          )
                                                )
                         Defendant(s).          )
_____)

        Pending before the Court is Plaintiff's unopposed motion to seal. Docket No. 86. Plaintiff seeks permission to seal its motion for preliminary injunction and several exhibits to that motion (Docket No. 16), as well as Plaintiff's reply and several exhibits to the reply (Docket No. 47). Docket No. 86 at 6-15.

I.      **STANDARDS**

        The Ninth Circuit has held that there is a strong presumption of public access to judicial records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178).

        Parties who seek to maintain the secrecy of documents attached to a motion for preliminary injunction must meet the high threshold of showing that "compelling reasons" support secrecy. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016) (holding that because a motion

for preliminary injunction was "more than tangentially related to the merits" of the case, the compelling reasons standard applied).  Those compelling reasons must outweigh the competing interests of the public in having access to the judicial records and understanding the judicial process.  *Kamakana*, 447 F.3d at 1178-79; *see also Pintos*, 605 F.3d at 679 & n.6 (court must weigh "relevant factors," including the public's interest in understanding the judicial process).

The Ninth Circuit has indicated that "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.'"  *Kamakana*, 447 F.3d at 1179 (citing *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978)).  For purposes of a motion to seal, a trade secret is concerned "any formula, pattern, device or compilation, of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.  *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1221-22 (Fed. Cir. 2013) (applying Ninth Circuit law regarding competitive harm to business and the definition of "trade secret").

The burden to show compelling reasons for sealing is not met by general assertions that the information is "confidential" or a "trade secret," but rather the movant must "articulate compelling reasons supported by specific factual findings."  *Id.* at 1178.  The Ninth Circuit has rejected efforts to seal documents under the "compelling reasons" standard based on "conclusory statements about the contents of the documents – that they are confidential and that, in general," their disclosure would be harmful to the movant.  *Kamakana*, 447 F.3d at 1182; *see also Vaccine Ctr. LLC v. GlaxoSmithKline LLC*, 2013 U.S. Dist Lexis 68298, *5-6 (D. Nev. May 14, 2013) (finding insufficient general assertions regarding confidential nature of documents).  Such "conclusory offerings do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents."  *Kamakana*, 447 F.3d at 1182.  In allowing the sealing of a document, the Court must "articulate the basis for its ruling, without relying on hypothesis and conjecture."  *See, e.g.*, *Pintos*, 605 F.3d at 679 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

//

## II.     DISCUSSION

Plaintiff submits that this case and the underlying motion for preliminary injunction concern the infringement of its copyrighted work and the misappropriation of its trade secrets, proprietary software, and confidential business materials. Docket No. 86 at 2. Plaintiff contends that the compelling reasons standard is satisfied because a clearly defined and serious injury will result if these documents are publicly disclosed. *Id*. at 6. The Court considers each document in turn.

A. Motion for Preliminary Injunction

The first set of proposed redactions, page 14, lines 2-13, discuss specific lines of Plaintiff's proprietary source code. Docket No. 86 at 6. Plaintiff submits that revealing this information to the public would cause it competitive harm and contends that compelling reasons exist to seal these documents under Ninth Circuit precedent. The Court agrees. These portions of Plaintiff's motion either heavily cite or contain pictures of Plaintiff's source code. *See, e.g.*, Docket No. 16 at 14. Plaintiff's closely-guarded source code constitutes a trade secret under *Apple Inc.*, and the disclosure of this information would disadvantage Plaintiff by allowing its competitors to understand how Plaintiff's source code enables the constituent parts of it systems to communicate with each other. Docket No. 86 at 7.

Plaintiff next submits that page 16, lines 4, 4-10, and 18-21, and page 28, lines 9-10, should be redacted because they discuss Plaintiff's confidential account list of Plaintiff's contracts with customers and the revenue realized by each customer. Docket No. 86 at 7-8. The Court finds that Plaintiff has demonstrated compelling reasons for the requested redactions, as its account list is extremely confidential and its secrecy is guarded. *Id*.

Finally, Plaintiff submits that page 17, lines 14-18, should be redacted because they quote Defendant's provisional patent application. *Id*. at 8. Plaintiff submits that the information contained in its provisional patent application is its trade secret. *Id*. at 10; *see also Apple Inc*., 727 F.3d at 122. The Court agrees that Plaintiff has demonstrated compelling reasons for this redaction.

Accordingly, the Court finds that compelling reasons exist to warrant Plaintiffs' proposed redactions in its motion for preliminary injunction.

//

1

### 1. Exhibit 2, Declaration of Justin Freund

These proposed redactions quote Defendants' provisional patent application, which Plaintiff alleges contains its proprietary code as well a schematic describing Plaintiff's system.[1]  Docket No. 86 at 8-9.  Plaintiff submits that the disclosure of this application would cause it competitive disadvantage by permitting its competitors to exploit its trade secrets.  Docket No. 86 at 10.  The Court has reviewed the declaration, which block quotes Defendant's provisional patent application.  The application contains detailed discussions of how Plaintiff's alleged trade secrets operate.  Accordingly, the Court finds that compelling reasons justify the sealing of these portions of Exhibit 2.  *Kamakana*, 447 F.3d at 1179.  Therefore, Plaintiff's request for leave to redact this information is **GRANTED**.

### 2. Exhibit 10, E-mail Containing "Tablet and Smart Phone Bartech Functionality"

This exhibit contains a business plan created by Plaintiff for a specific client, which discusses the needs of the client and Plaintiff's plan to meet those needs.  Docket No. 86 at 9.  Plaintiff contends that it is a trade secret since it is a compilation of information that fails within the Ninth Circuit's definition of trade secret.  *Id*. at 9-10 (citing *Apple Inc*., 727 F.3d at 1222).  The Court finds that Plaintiff would suffer competitive harm if this material were made public by disadvantaging Plaintiff in "future negotiations for similar agreements."  *Icon-IP Pty Ltd.*, 2015 WL 984121 at *3.  Accordingly, compelling reasons exist sealing this document, and the Court **GRANTS** Plaintiff's request for leave seal.

### 3. Exhibit 14, Defendants' Non-Provisional Patent Application

This patent application contains detailed discussions of how Plaintiff's alleged trade secrets operate.  The Court has already determined that compelling reasons exist to seal this information.  The court finds that redaction is not possible, while leaving meaningful information available to the public.  Accordingly, the Court finds that compelling reasons justify the sealing this exhibit.  *Kamakana*, 447 F.3d at 1179.  Therefore, the Court **GRANTS** Plaintiff's request for leave to seal this document.

//

---

[1] These are redactions 4:8-12; 4:18-23; 4:26-28; 5:1-6; 5:8-17; 5:19-26; 6:1-11; 6:14-19; 6:21-28; 7:1-5; 7:8-15;  7:19-28; 8:3-17 to Exhibit 2 as well as a schematic on page 2 of Exhibit A to Freund's declaration.

### 4. Exhibit 19, Declaration of Pierre Agrario

Plaintiff moves to redact page 2, lines 4-7 and 9-10. Docket No. 86 at 11. Plaintiff submits that these lines discuss its accounts list. *Id.* The Court has already found that compelling reasons exist to seal this information. Therefore, Plaintiff's request to redact this information is **GRANTED**.

### 5. Exhibit 23, Declaration of Christian B. Hicks

The redactions to this declaration and its exhibits discuss at length and in detail Plaintiff's source code, which qualifies as a trade secret under *Kamakana* and *Apple Inc*, as discussed more fully above. Docket No. 86 at 11 (requesting to redact page 9, lines 1-24; page 11, lines 3-24; page 12, lines 1-14; page 13, lines 1-24; page 14, lines 1-24; page 15, lines 1-24; page 16, lines 1-9; portions of Exhibit B; and Exhibit C). Accordingly, compelling reasons exist to warrant redactions to Exhibit 23. Therefore, Plaintiff's request for leave to redact this information is **GRANTED**.

### 6. Exhibit 26, E-mail from Vincent Tessier with Attachment of Bartech Interface Specifications

This e-mail and its attachment discuss troubleshooting Plaintiff's code and a particular application of Plaintiff's proprietary software. *Id.* at 12. As discussed more fully above, this information qualifies as a trade secret under *Kamakana* and *Apple Inc*, and, therefore, compelling reasons exist to warrant sealing Exhibit 26.[2] Therefore, Plaintiff's request to seal this information is **GRANTED**.

### 7. Exhibit 27, E-mail From Vincent Tessier with Attachment of Bartech's North American Accounts List

Plaintiff requests leave to seal its accounts list, which was discussed above. Docket No. 86 at 13. It a spreadsheet that contains detailed information regarding Plaintiff's relation which each of its clientele. *Id.* Because it evidences the terms of numerous agreements, reveals revenue figures, and lists technical information regarding each contract, the Court finds that compelling reasons exist to seal this exhibit. *See Icon-IP Pty Ltd.*, 2015 WL 984121 at *3. Therefore, Plaintiff's request for leave to seal this information is **GRANTED**.

//

_____

[2] The Court finds that the trade secret information cannot be properly redacted while leaving meaningful information available to the public.

### B. Reply to Defendants' Opposition to Motion for Preliminary Injunction

Plaintiff seeks to redact only one portion of its reply page 17, lines 10-16, because these lines discuss the contents of Plaintiff's account list. Docket No. 83 at 13. As discussed above, Plaintiff has demonstrated compelling reasons to redact this information. Therefore, Plaintiff's request to redact this information is **GRANTED**.

### 1. Exhibit 1, Declaration of Christian B. Hicks and Exhibits B, C, D, and E Attached Thereto

These proposed redactions (page 5, lines 2-16 and 20-21; page 17, lines 3-14; page 18, lines 2-12; page 19, lines 14-15; page 20, lines 1-10, portions of page 1 of Exhibit B; portions of pages 2-81 to Exhibit C; portions of Exhibit D; and portions of Exhibit E) relate to areas of the declaration where Mr. Hicks notes the similarities between Plaintiff's source code and Defendant's source code, as well as exhibits containing the information to support Mr. Hicks' conclusion. Docket No. 86 at 13-14. As discussed in more detail above, Plaintiff's source code constitutes a trade secret, and, therefore, compelling reasons exist to warrant making these redactions. Therefore, Plaintiff's request for leave to redact this information is **GRANTED**.

### 2. Exhibit 3: Deposition of Vincent Tessier

Finally, Plaintiff requests leave to seal various portions of Vincent Tessier's deposition, in which he discusses various elements of Plaintiff's source code.[3] Docket No. 86 at 14. Mr. Tessier's testimony describes in detail specific functions of components in Plaintiff's source code, which the Court has found constitutes a trade secret. Accordingly, the Court finds that compelling reasons exist to justify redacting these portions of Mr. Tessier's deposition. Therefore, Plaintiff's request for leave to redact this information is **GRANTED**.

//

---

[3] Plaintiffs seek leave to redact the following sections from the deposition transcript: 30:10; 30:12; 30:15; 31:9; 32:12-13; 32:17-19; 33:7; 33:8; 33:14-15; 33:21; 38:1-2; 38:4; 38:6; 43:7; 47:22-24; 48:3-6; 50:8; 50:12; 50:18-19; 50:20; 50:21; 51:2; 51:4; 51:11; 52:12; 52:14; 52:15; 52:19; 53:15; 53:20-24; 53:25; 54:1; 54:6; 54:7; 54:21; 70:8; 70:11-13; 71:5; 71:9-10; 71:13-14; 71:19; 71:21-22; 72:1; 73:9-10; 73:12; 79:12; 79:14; 81:12; 81:16-23; 82:25; 83:1; 83:11-12; 83:17; 83:19; 84:9-10; 84:13-16; 85:7; 85:11; 85:14-19; 85:23; 86:5-6; 86:7; 86:11-21; 87:2-3; 87:17; 87:19-22; 87:23-24; 89:12; 89:13; 89:14; 89:15; 89:17; 89:18; 89:20.

**III.    CONCLUSION**

For the reasons stated above, Plaintiff's unopposed motion, Docket No. 86, is hereby **GRANTED**.

IT IS SO ORDERED.

DATED: May 5, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge