# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BARTECH SYSTEMS INTERNATIONAL, INC., | Case No. 2:15-cv-02422-MMD-NJK |
| Plaintiff(s), | |
| vs. | ORDER |
| MOBILE SIMPLE SOLUTIONS, et al., | |
| Defendant(s). | (Docket No. 173) |

The Court previously granted Plaintiff's motion to compel the deposition of Defendant Pigeat, and for an award of attorneys' fees. Docket No. 169. The only remaining dispute is the calculation of the fees. Plaintiff submitted proof of the attorney fees it incurred in filing the underlying motion. Docket No. 173. Defendant Pigeat filed a response in opposition, and Plaintiff filed a reply. Docket Nos. 183, 186. The Court finds this issue properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed more fully below, the Court calculates the reasonable attorneys' fees at $4,035.

Reasonable attorneys' fees are generally calculated using the traditional "lodestar" method. *See, e.g.*, *Camacho v. Bridgeport Fin'l, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). Under the lodestar

method, the Court determines a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar figure is presumptively reasonable. *Cunningham v. Cty. of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988).

## A. HOURLY RATE

The party seeking an award of attorneys' fees bears the burden of establishing the reasonableness of the hourly rates requested. *Camacho*, 523 F.3d at 980. "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence–in addition to the attorney's own affidavits–that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). "Affidavits of the [movant's] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the [movant's] attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). The Court may also rely on its own familiarity with the rates in the community to analyze those sought in the pending case. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

In this case, Plaintiff seeks a rate of $325 per hour each for Gregory T. Lawrence, a partner at Conti Fenn & Lawrence, and Michael R. Kealy, Vice-President of Parsons Behle & Latimer. Docket Nos. 173-2 at 3, 173-3 at 3. Plaintiff also attaches biographies for these two attorneys, attesting to their educational backgrounds and some of their accomplishments. *See* Docket No. 173-4. Plaintiff seeks a rate of $225 per hour each for associate attorneys in Mr. Lawrence's firm. Docket No. 173-2 at 3. Finally, Plaintiff seeks a rate of $135 per hour for paralegals in Mr. Lawrence's firm. *Id.*

Though Defendant Pigeat does not dispute the reasonableness of these rates, *see, e.g.*, Docket No. 183 at 5, the Court independently examines their reasonableness. The Court finds the rates

requested for Mr. Lawrence, Mr. Kealy, and Mr. Lawrence's associates reasonable. *See, e.g.*, *Crusher Designs, LLC v. Atlas Copco Powercrusher GmbH*, 2015 WL 6163443, at *2 (D. Nev. Oct. 20, 2015) (internal quotation marks and citation omitted). The Court need not determine the reasonableness of the paralegals' rate, as the Court finds that no paralegal time was shown to have been reasonably spent due to Defendant's failure to appear at her deposition.

### B.   REASONABLE HOURS

Having decided the hourly rate that should be applied in this case, the Court turns to the hours reasonably expended. The Court "has a great deal of discretion in determining the reasonableness of the fee and, as a general rule, [an appellate court] will defer to its determination . . . regarding the reasonableness of the hours claimed by the [movant]." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992)). In reviewing the hours claimed, the Court may exclude hours related to overstaffing, duplication, and excessiveness, or that are otherwise unnecessary. *See, e.g.*, *Hensley*, 461 U.S. at 433; *see also Cruz v. Alhambra School Dist.*, 601 F. Supp. 2d 1183, 1191 (C.D. Cal. 2009) ("the Court must eliminate from the lodestar time that was unreasonably, unnecessarily, or inefficiently" spent).

In making this determination for hours expended on a discovery motion, the Court eschews correlating the hours expended and the number of pages submitted in briefing, as the length of briefing is not in itself indicative of reasonable expenditure of time. *Compare Thompson v. Astrue*, 2012 WL 5949218, at *1 (E.D. Cal. Nov. 28, 2012) (finding one hour spent per page of "fairly routine" briefing is not unreasonable) *with Alutiiq Int'l Solutions, LLC v. Lyon*, 2012 WL 4182026, at *2, 4 (D. Nev. Sept. 17, 2012) (reducing hours for 13-page motion to compel from 13.8 hours to 4.0 hours). Instead, the reasonableness of hours expended depends on the specific circumstances of each case. *Camacho*, 523 F.3d at 978. To that end, in determining the reasonableness of hours spent in relation to a discovery motion, the Court considers factors such as the complexity of the issues raised, the need to review the record and pleadings, and the need to conduct legal research, in

addition to the length of the briefing. *See Herb Reed Enters v. Monroe Powell's Platters*, 2013 U.S. Dist. Lexis 97559, at *31 (D. Nev. July 11, 2013); *see also Easley v. U.S. Home Corp.*, 2012 WL 3245526, at *3 (D. Nev. Aug. 7, 2012).

Defendant submits that the hours claimed should be adjusted downward because, *inter alia*, the hours expended were excessive. Docket No. 183 at 3-5. Defendant's assertion appears to rest primarily on the number of attorneys working on the case. *See id.* at 5. Billed time that includes unnecessary duplication of effort should be excluded from the lodestar. *Herrington v. Cty. of Sonoma*, 883 F.2d 739, 747 (9th Cir. 1989); *see also Cruz*, 601 F. Supp. 2d at 1191. "[C]ourts ought to examine with skepticism claims that several lawyers were needed to perform a task, and should deny compensation for such needless duplication as when three lawyers appear for a hearing when one would do." *Democratic Party of Wash. State v. Reed*, 338 F.3d 1281, 1286 (9th Cir. 2004) (internal citations omitted). Of course, some duplication of effort is necessary in any case. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

The Court has reviewed the billing records submitted by Plaintiff. Docket Nos. 186-1, 186-2. The Court determines that Mr. Lawrence reasonably spent 7.7 hours; Mr. Kealy reasonably spent 1.6 hours; and Mr. Lawrence's associate attorneys reasonably spent 4.5 hours of work as a result of Defendant's failure to appear at her deposition.

C. LODESTAR CALCULATION

In light of the reasonable hours and rates determined above, the undersigned hereby calculates the lodestar as follows:

| ATTORNEY(S) | HOURS | HOURLY RATE | TOTAL |
| --- | --- | --- | --- |
| Gregory T. Lawrence | 7.7 | $325 | $2,502.50 |
| Michael R. Kealy | 1.6 | $325 | $520 |
| Associates | 4.5 | $225 | $1,012.50 |

Accordingly, the Court finds a lodestar amount of $4,035. Defendant is ordered to pay this amount to Plaintiff no later than February 15, 2017. The Court **INSTRUCTS** the Clerk's Office to serve this

4

1  order on Defendant Pigeat by e-mail at christelle.pigeat@gmail.com.

2  IT IS SO ORDERED.

3  DATED: January 25, 2017

4  _____
NANCY J. KOPPE
United States Magistrate Judge