**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BARTECH SYSTEMS INTERNATIONAL, INC., | Case No. 2:15-cv-02422-MMD-NJK |
| Plaintiff(s), | ORDER |
| vs. | |
| MOBILE SIMPLE SOLUTIONS, INC., et al., | |
| Defendant(s). | |

Pending before the Court is a motion for protective order filed by Defendant Pigeat on an emergency basis. Docket No. 223. The motion relates to a deposition scheduled to take place on February 9, 2017, in Las Vegas, Nevada. *See id.* at 53. Defendant Pigeat submits that she is financially unable to travel to Las Vegas, and has tried unsuccessfully to convince Plaintiff to hold the deposition in a location closer to her home in Canada. *See id.* at 4-6.

"The filing of emergency motions is disfavored because of the numerous problems they create for the opposing party and the court resolving them." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1140 (D. Nev. 2015) (citing *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193-194 (C.D. Cal. 1989)). "Safeguards that have evolved over many decades are built into the Federal Rules of Civil Procedure and the Local Rules of this court." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 491 (C.D. Cal. 1995). A request to bypass the default procedures through the

filing of an emergency motion impedes the adversarial process, disrupts the schedules of the Court and opposing counsel, and creates an opportunity for bad faith gamesmanship. *Cardoza*, 141 F. Supp. 2d at 1140-41. As a result, the Court allows motions to proceed on an emergency basis in only very limited circumstances.

Emergency motions must as a threshold matter meet several technical requirements outlined in the local rules. First, the face of the motion itself must be entitled an "Emergency Motion" so the Court has prompt notice that expedited relief is being requested. Local Rule 7-4(a). Second, the emergency motion must be accompanied by an affidavit providing several key facts necessary for the Court to determine whether, in fact, an emergency exists and allowing the Court to provide the fairest, most efficient resolution. *Id.* This affidavit must include a detailed description of the nature of the emergency. *See id.* The affidavit must also provide the contact information (telephone number and office addresses) of the movant and all other affected parties. *See id.* As with any discovery motion, the affidavit must also provide a certification that, despite personal consultation and sincere effort to do so, the movant was unable to resolve the matter without court action. *See id.*; *see also* Fed. R. Civ. P. 37(a)(1).[1] If the circumstances are such that personal consultation is truly not possible, the movant must provide a detailed explanation why that is the case so the Court can evaluate whether to exercise its discretion to decide the motion despite the lack of a proper pre-filing conference. Similarly, if no notice whatsoever was provided to the opposing party regarding the filing of the motion, the affidavit must include a detailed explanation of why it was not practicable to provide that notice. *See* Local Rule 7-4(a).

If these technical requirements are met, the Court will turn to the substantive requirements for filing an emergency motion. When a party files a motion on an emergency basis, it is within the

---

[1] The purportedly emergency nature of a discovery dispute does not obviate the requirement to conduct a proper meet-and-confer. *See, e.g.*, *Cardoza*, 2015 WL 6123192, at *3 (citing *Goben v. Wal-Mart Stores, Inc.*, 2013 U.S. Dist. Lexis 26773, *3-4 (D. Nev. Feb. 27, 2013)). "To the contrary, a good faith and thorough attempt to resolve the dispute without Court intervention is even more critical when time is of the essence." *Id.*

sole discretion of the Court to determine whether any such matter is, in fact, an emergency. Local Rule 7-4(d). Generally speaking, an emergency motion is properly presented to the Court only when the movant has shown (1) that it will be irreparably prejudiced if the Court resolves the motion pursuant to the normal briefing schedule and (2) that the movant is without fault in creating the crisis that requires emergency relief or, at the very least, that the crisis occurred because of excusable neglect. *Cardoza*, 141 F. Supp. 2d. at 1142 (citing *Mission Power*, 883 F. Supp. at 492). If there is no irreparable prejudice, sufficient justification for bypassing the default briefing schedule does not exist and the motion may be properly decided on a non-expedited basis. *Cardoza*, 141 F. Supp. 2d at 1142.

In this case, the Court does not find emergency relief appropriate, as the Court finds that Defendant Pigeat will not be irreparably prejudiced if the Court vacates the scheduled deposition and resolves the motion pursuant to a slightly expedited briefing schedule. *See* Docket No. 223.

Accordingly, the Court **VACATES** the deposition of Defendant Pigeat pending resolution of her motion. The Court further **ORDERS** Plaintiff to respond to Defendant's motion for protective order no later than February 13, 2017. Any reply shall be filed no later than February 15, 2017. The Court **INSTRUCTS** the Clerk's Office to serve this order on Defendant Pigeat by e-mail at christelle.pigeat@gmail.com.

IT IS SO ORDERED.

DATED: February 8, 2017

NANCY J. KOPPE
United States Magistrate Judge