UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| BARTECH SYSTEMS INTERNATIONAL, INC., | ) ) | |
| Plaintiff(s), | ) ) | Case No. 2:15-cv-02422-MMD-NJK |
| vs. | ) ) | ORDER |
| MOBILE SIMPLE SOLUTIONS, INC., et al., | ) ) | (Docket No. 238) |
| Defendant(s). | ) | |

Pending before the Court is Plaintiff's motion for sanctions against Defendant Vincent Tessier ("Defendant"). Docket No. 238. Defendant filed a response in opposition and Plaintiff filed a reply. Docket Nos. 240, 250. The Court finds this matter properly resolved without oral argument. *See* Local Rule 78-1. For the reasons discussed below, the motion is **GRANTED** in part.

**I.    OVERVIEW**

The pending motion seeks to recover attorneys' fees and costs arising from Defendant's failure to attend a duly noticed deposition on December 15, 2016. *See, e.g.*, Docket No. 238 at 2. Plaintiff's counsel initially approached the subject of scheduling Defendant's deposition sometime between December 5 and 15, 2016, by e-mailing Defendant's former counsel on September 27, 2016. Docket No. 238-2 at 2. The same day, one of Defendant's former attorneys, Patrick Byrne, responded that he had "passed along" Plaintiff's counsel's request regarding Defendant's availability for a deposition during that time frame. Docket No. 238-3 at 2. Mr. Byrne also notified Plaintiff's counsel that his firm intended to withdraw from the case, which occurred shortly thereafter. *Id.*; Docket No. 149. Neither Defendant nor his former counsel provided Plaintiff's counsel information

about Defendant's availability during the specified time frame. Docket No. 238 at 3.

On December 2, 2016, the Court issued an order requiring a co-defendant to appear for her deposition no later than December 16, 2016. Docket No. 169. Plaintiff's counsel therefore e-mailed Defendant and his co-defendant to inquire about their availability for depositions on consecutive dates through December 16, 2016. Docket No. 238-4 at 2.

On December 6, 2016, Plaintiff served a deposition notice on Defendant setting his deposition for 10:00 a.m. on December 15, 2016 in Las Vegas, Nevada. Docket No. 238 at 3. The same day, Defendant e-mailed Plaintiff's counsel stating that he would not be available to attend a deposition before January 9, 2017. Docket No. 238-6 at 2. Plaintiff's counsel responded that such a delay was not acceptable, but that counsel could accommodate other dates in December. Docket No. 238-7 at 2. On December 7, 2016, Defendant replied that he would be unavailable during the last two weeks of the year because he would be busy and traveling. Docket No. 238-8 at 2. Plaintiff's counsel then reiterated his willingness to accommodate a different date in December rather than delaying the deposition. *Id.* Plaintiff's counsel further reminded Defendant that he had initially approached Defendant about scheduling the deposition two and a half months before. *Id.*

On December 8, 2016, Defendant e-mailed Plaintiff's counsel stating that he "received medical results yesterday and they are not good" and that he was "not currently in a psychological state to be deposed." Docket No. 238-10 at 2. Plaintiff's counsel responded that, while he understood Defendant's situation, the deposition must move forward on one of two days in December. Docket No. 238-11 at 2.

On December 15, 2016, less than one hour before his deposition was to begin, Defendant notified Plaintiff's counsel by e-mail that he was "at urgent care for a medical emergency" and would therefore be unable to attend the deposition. Docket No. 238-12 at 2. Plaintiff's counsel responded by offering to take Defendant's deposition the next day, while also reserving the right to pursue sanctions for the nonappearance. Docket No. 238-13 at 2. Defendant did not appear for his deposition on either day. *See* Docket No. 238 at 4-5.

## II. ENTITLEMENT TO RECOVER EXPENSES

Courts may impose sanctions for the failure of a party or a party's officer, director or managing agent to appear for his deposition. Fed. R. Civ. P. 37(d)(1)(A)(I). Sanctions that may be imposed include those listed in Rule 37(b)(2)(A)(i)-(vi), which include case-dispositive sanctions.[1] Fed. R. Civ. P. 37(d)(3). Additionally, courts must award reasonable expenses, including attorneys' fees, unless the failure to appear was substantially justified or other circumstances make an award of expenses unjust. *Id.* The party facing sanctions bears the burden of establishing substantial justification or circumstances making an award of expenses unjust. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994) (internal citation omitted). A finding of bad faith is not a prerequisite for imposing sanctions under Rule 37(d), although a lack of bad faith may be considered in determining whether the imposition of sanctions would be unjust. *Id.*

In this instance, rather than seeking case-dispositive sanctions, Plaintiff seeks to recover attorneys' fees and costs arising from Defendant's failure to appear at his December 15, 2016, deposition. *See, e.g.*, Docket No. 238 at 2. Plaintiff submits that Defendant's behavior was not substantially justified because of his failure to appear despite numerous communications from Plaintiff's counsel, his inconsistent reasons for avoiding being deposed, inconsistencies in a doctor's note he provided to Plaintiff and the Court, and the fact that he was only treated for abdominal pain. Docket No. 238 at 5-7. Plaintiff submits that these factors cast doubt on the allegedly urgent nature of Defendant's medical condition on the day of the deposition. *Id.* In response, Defendant submits that his health issues began weeks before he received Plaintiff's deposition notice, Plaintiff's counsel would not reasonably accommodate his needs in scheduling the deposition, and Plaintiff's December 2, 2016 deposition notice did not provide sufficient warning of the deposition. Docket No. 240 at 3-4.

The Court finds that Defendant's failure to attend his deposition was not substantially justified and that an award of fees and costs is not unjust in this instance. Plaintiff's counsel made clear far in advance their intention to depose Plaintiff between December 5 and 15, 2016, by e-mailing

---

[1] Unless otherwise stated, references to "Rules" denote the Federal Rules of Civil Procedure.

3

Defendant's former counsel on September 27, 2016. Docket No. 238-2 at 2. Moreover, Defendant does not dispute the fact that his former counsel advised him of that e-mail. *See, e.g.*, Docket No. 238-11 at 3. Additionally, as Plaintiff submits, Defendant provided a series of inconsistent reasons for resisting being deposed. *See* Docket No. 238-9 at 2-3 (citing, on December 7, 2016, end of year travel as a reason not to attend the deposition); Docket No. 238-10 at 2 (stating, on December 8, 2016, that vague psychological issues prevented him from being deposed); Docket No. 238-12 at 2 (notifying Plaintiff's counsel, less than one hour before the duly noticed deposition, that he was at urgent care). Further, the treatment notes from Defendant's urgent care visit refer to abdominal pain and constipation. Docket No. 184-1 at 19. Abdominal pain bears no relation to the alleged psychological issues that Defendant mentioned days before his visit to the urgent care center and the treatment provider's notes suggest that his medical condition was not necessarily as urgent as he submits. *See id.* Defendant has also provided a puzzling medical certificate stating that he was unable to work from December 15 to December 17, 2016, yet was also able to return to work on December 15, 2016. Docket No. 240 at 15.

Defendant's general resistance to fulfilling his discovery obligations in the instant case also undermines any assertion that he was substantially justified in failing to attend his deposition. As Plaintiff submits, Defendant did not respond to Plaintiff's efforts to schedule the December 2016 deposition until he received the deposition notice. *See, e.g.*, Docket No. 238-8 at 2. Additionally, on January 20, 2017, the Court held a pretrial conference that was necessitated by the repeated failure of Defendant and his co-defendant to participate in the discovery process, which included Defendant's failure to appear at the December 15, 2016 deposition. Docket No. 190 at 5-9; Docket No. 206. In sum, the Court finds that Defendant's pattern of evasion, inconsistent statements, and general conduct throughout the discovery process demonstrate that his failure to attend the December 15, 2016 deposition was not substantially justified and that an award of fees and costs is therefore reasonable in this instance. *See, e.g.*, *Peyman v. Rayan*, 2011 WL 976925, at *1-*2 (D. Nev. Mar. 18, 2011) (award of costs was "eminently reasonable" where party canceled deposition at the last minute due to a vague, inadequately explained illness and had previously engaged in discovery misconduct).

## III. LODESTAR CALCULATION

Having determined that Plaintiff is entitled to recover fees and costs resulting from Defendant's failure to attend his deposition, the Court turns to the calculation of the fees. Reasonable attorneys' fees are generally calculated based on the traditional "lodestar" method. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). Under the lodestar method, the Court determines a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar figure is presumptively reasonable. *Cunningham v. Cty. of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988).

The party requesting attorneys' fees must show, *inter alia*, that the hourly rates sought are "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). "Affidavits of the [movant's] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the [movant's] attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). The Court may also rely on its own familiarity with the rates in the community to analyze those sought in the pending case. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011). "Rate determinations in other cases in the District of Nevada have found hourly rates as much as $450 for partners and $250 for an experienced associate to be the prevailing market rate in this forum." *Crusher Designs, LLC v. Atlas Copco Powercrusher GmbH*, 2015 WL 6163443, at *2 (D. Nev. Oct. 20, 2015) (report and recommendation adopted by Navarro, C.J.). "Courts awarding attorneys' fees in intellectual property or other complex cases routinely award fees based on rates within that range." *Id.* "As for very experienced paralegals, the prevailing rate is in the range of $125." *Id.* (internal citation omitted).

The Court finds the pending motion and supporting materials insufficient to conduct the lodestar analysis at this time. Plaintiff provides biographical information about attorneys Gregory T. Lawrence and Michael R. Kealy, which will enable the Court to determine whether their requested

hourly rates are reasonable. *See, e.g.*, Docket Nos. 238-17, 238-18. However, Plaintiff's billing records also reveal entries by "TMM" and "KSK." *See, e.g.*, Docket No. 238-19 at 9; Docket No. 238-21 at 2. Plaintiff does not provide any information about the identities, experience, and qualifications of these two individuals. *See generally* Docket No. 238; Docket Nos. 238-1–238-22. Without such information, the Court cannot determine whether their requested hourly rates are reasonable.

### IV.  CONCLUSION

For the reasons stated above, the pending motion for sanctions is hereby **GRANTED** in part. Docket No. 238. Plaintiff shall file, no later than May 5, 2017, a renewed motion for attorneys' fees that provides all information necessary under the Rules and the case law for the Court to conduct a proper lodestar analysis. If the renewed motion fails to comply in full with the Rules and the case law, the Court will deny Plaintiff's request for fees.

IT IS SO ORDERED.

DATED: April 5, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge