UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BARTECH SYSTEMS INTERNATIONAL, INC.,
        Plaintiff(s),

vs.

MOBILE SIMPLE SOLUTIONS, INC., et al.,
        Defendant(s).

Case No. 2:15-cv-02422-MMD-NJK

ORDER

(Docket No. 247)

Pending before the Court is Plaintiff's amended motion to strike "attorneys' eyes only" designation from source code in favor of the designation "confidential" pursuant to the amended stipulated protective order. Docket No. 247. Defendant Vincent Tessier filed a response, and Plaintiff filed a reply. Docket Nos. 259, 270. The Court finds his motion properly resolved without oral argument. *See* Local Rule 78-1. For the reasons discussed below, Plaintiff's motion, Docket No. 247, is hereby **GRANTED**.

I.    **BACKGROUND**

This action was initially removed from state court on December 18, 2015. Docket No. 1. Before removal, the parties filed a stipulated protective order in the state court action. Docket No. 247-5. Defendants Tessier and Christelle Pigeat subsequently moved for a protective order that, *inter alia*, would include an attorneys' eyes only ("AEO") provision that would apply to the source code for ABreez, a product sold by their company, Mobile Simple Solutions (IAS), Inc. ("Mobile Simple"). Docket No. 247-3. Plaintiff opposed that motion. Docket No. 247-6. The state court ultimately held a hearing, granted Defendants' motion in part, and ordered that all source code must

be provided enhanced protection. Docket No. 247-7. The parties then negotiated a blanket protective order, including an AEO provision to be applied to the source code, which the state court entered on August 19, 2015. Docket No. 247-8 at 5-22. The parties subsequently exchanged source code subject to the AEO provision of the stipulated protective order. Docket Nos. 247-9, 247-10.

On September 28, 2016, unbeknownst to Bartech, Defendant Mobile Simple sold the ABreez source code. *See, e.g.*, Docket No. 247 at 7. On February 3, 2017, after discovering the sale, Plaintiff filed a motion to strike the AEO designation from the source code in favor of the designation "confidential" pursuant to the parties' amended stipulated protective order. Docket No. 218. On February 14, 2017, the Court stayed this action as to Defendant Pigeat. Docket No. 232. On March 10, 2017, the Court denied without prejudice Plaintiff's motion to strike because it was filed before the Court stayed the case as to Defendant Pigeat. Docket No. 241. The Court allowed Plaintiff to file a renewed motion to strike that addresses how the stay as to Defendant Pigeat affects the relevant issues. *Id.*

On March 17, 2017, Plaintiff filed the instant motion. Docket No. 247. Plaintiff submits that the stay as to Defendant Pigeat does not impact its motion to strike because, *inter alia*, Defendant Pigeat no longer has an interest in the ABreez source code since her company sold it. *Id.* at 3-4. Defendant Tessier does not appear to contest this assertion, though he apparently purports to speak on behalf of both himself and Defendant Pigeat. *See, e.g.*, Docket No. 259 at 2 ("Although Tessier and Miss Pigeat are no longer administrators and co-owners of Mobile Canada . . . they nevertheless want to protect the logic on how ABreez Software was developed"). Having independently reviewed Plaintiff's analysis on this issue, the Court finds that, as Plaintiff submits, the stay as to Defendant Pigeat does not affect the instant motion. The Court therefore addresses the substance of the motion below.

## II. ANALYSIS

As a preliminary matter, the Court may properly adopt and apply the parties' stipulated protective order, though it was issued by a state court. After removal, "[t]he federal court treats everything that occurred in the state court as if it had taken place in federal court." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 887 (9th Cir. 2010) (internal quotation marks and alterations omitted) (quoting *Butner v. Neustadter*, 324 F.2d 783, 785 (9th Cir. 1963)). Therefore, "an order entered by a state court should be treated as though it had been validly rendered in the federal proceeding." *Carvalho*, 629 F.3d at 887 (internal quotation marks omitted) (quoting *Butner*, 324 F.2d at 785). Additionally, this Court retains the "authority to dissolve or modify a state court order that was entered prior to removal." *Kogok v. T-Mobile USA, Inc.*, 2013 WL 1942211, at *1 (S.D. Cal. May 9, 2013) (citing 28 U.S.C. § 1450). The Court therefore adopts the protective order entered in the state court case and treats it as though it had been rendered in this Court.

Plaintiff submits that this Court should designate the ABreez source code "confidential" rather than applying the AEO provision to it in order to facilitate better preparation for trial. Docket No. 247 at 11-12. In particular, Plaintiff submits that "Defendant Tessier has an unfair advantage at trial due to his extensive personal knowledge of Bartech's source code, whereas neither Bartech nor its employees have any familiarity with the ABreez code." *Id.* at 11. Plaintiff contends that removing the AEO designation in favor of a "confidential" designation would improve its ability to trace Defendants' alleged misappropriation of its own source code. *Id.* at 11-12. Plaintiff further asserts that this Court may properly change the designation because the initial rationale underlying the application of the AEO provision to the ABreez source code no longer applies. *Id.* at 5-7, 9, 12. Specifically, Plaintiff submits, in the state court litigation, Defendants submitted that revealing the ABreez source code to Plaintiff's employees "would destroy Defendants' competitive advantage" absent "a *prima facie* showing that this information was misappropriated or otherwise belongs to [Plaintiff]." Docket No. 247-3 at 5 (italics not in original). At this point in the litigation, however, Plaintiff submits that Defendants have sold the source code, and that the Court has found that

"[Plaintiff] is . . . likely to succeed on the merits of its misappropriation claim." *See, e.g.*, Docket No. 247 at 5; Docket No. 96 at 15. Plaintiff also submits that the ABreez source code would still enjoy sufficient protection if designated "confidential," and that Plaintiff would agree to also have its own source code designated "confidential." Docket No. 247 at 5, 7-8.

Defendant Tessier responds that, though he no longer owns ABreez, he "still want[s] to protect the logic on how ABreez Software was developed." Docket No. 259 at 2. Defendant Tessier also submits that Plaintiff has improper motives in seeking to remove the AEO protection from the ABreez source code. *Id.* at 3-6. Defendant Tessier further contends that Plaintiff's counsel have already had the source code in their possession for quite some time and that Plaintiff should be able to continue its investigation through experts. *Id.* at 6. Plaintiff replies that the Abreez source code will remain amply protected as "confidential" under the stipulated protective order, that one of this Court's prior orders supports granting the relief Plaintiff requests, and that known facts disprove Defendant Tessier's contention about Plaintiff's motives. Docket No. 270 at 3-6.

The Court agrees with Plaintiff. Defendant Tessier no longer possesses any interest in the ABreez source code because his company sold it. *See, e.g.*, Docket No. 247 at 5. Moreover, aside from conclusory assertions about Plaintiff's motives, Defendant Tessier has not explained how designating the source code as "confidential" rather than applying the AEO provision to it would harm him. *See, e.g.*, *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (internal citation omitted) ("'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning,'" are insufficient to show good cause for protection under Rule 26(c)); *see also Wells Fargo Bank, N.A. v. Iny*, 2014 U.S. Dist. Lexis 78875, at *8 (D. Nev. June 9, 2014) (internal citation omitted) ("When a confidentiality designation is challenged, the burden of persuasion to show good cause for such a designation rests upon the designating party"). Additionally, Defendant Tessier provides no authority that would require the Court to apply the AEO designation to the source code. *See* Local Rule 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion," absent an exception not applicable here, "constitutes a consent to the

granting of the motion"). Thus, the Court is not persuaded that it is necessary to apply the AEO provision of the stipulated protective order to the Abreez source code.

### III. CONCLUSION

For the reasons discussed above, Plaintiff's amended motion to strike "Attorneys' Eyes Only" designation, Docket No. 247, is hereby **GRANTED**. The source code at issue in this case no longer falls under the AEO provision of the parties' stipulated protective order, and is instead designated "confidential."

IT IS SO ORDERED.

DATED: April 19, 2017.

_____
NANCY J. KOPPE
United States Magistrate Judge