# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| BARTECH SYSTEMS INTERNATIONAL, INC., | Case No. 2:15-cv-02422-MMD-NJK |
| Plaintiff(s), | ORDER |
| vs. | (Docket No. 283) |
| MOBILE SIMPLE SOLUTIONS, INC., et al., | |
| Defendant(s). | |

Pending before the Court is Plaintiff's motion for leave to file its second amended complaint, filed on an emergency basis. Docket No. 283. Defendant Tessier filed a response and Plaintiff filed a reply. Docket Nos. 300, 302. The undersigned finds the motion properly resolved without oral argument. *See* Local Rule 78-1. For the reasons discussed more fully below, the Court **GRANTS** Plaintiff's motion.

## I.  BACKGROUND

This case has a complicated procedural history, which the Court will not repeat at length here except as pertinent to the pending motion. Plaintiff initiated this action in state court on December 23, 2014. Docket No. 1 at 2. On December 18, 2015, Plaintiff removed the action to this Court. Docket No. 1. Plaintiff provides hardware and software services for managing hotel minibars and other amenities. Docket No. 1-32 at 5. Defendant Tessier is a former employee of Plaintiff. *Id.* Plaintiff submits that, after leaving its employ, Defendant Tessier partnered with Defendant Pigeat to create Mobile Simple Solutions, Inc. and Mobile Simple Solutions (IAS), Inc., which offer

software called "ABreez" for minibar and amenities management. *See id.* at 13.[1] Plaintiff alleges, *inter alia*, that Defendants misappropriated trade secrets and used copyrighted material in developing and marketing Mobile Simple's software. *Id.* at 19-21, 28-29.

Plaintiff submits that, beginning in January 2016 and unbeknownst to it, the director of a company called GEM SA, Mr. Jacques Manardo, began advising Defendants Tessier and Pigeat regarding this action. Docket No. 283 at 4; Docket No. 278-4 at 4 (official transcript of February 1, 2017 deposition in French); Docket No. 278-5 at 8, 10 (unofficial translation of February 1, 2017 deposition transcript). Meanwhile, on January 14, 2016, Plaintiff filed a motion for preliminary injunction, seeking relief under the theories of copyright infringement, wrongful misappropriation of trade secrets, and unlawful computer access. Docket No. 16. On May 24, 2016, United States District Judge Miranda M. Du granted the motion for preliminary injunction in part, finding, *inter alia*, that Plaintiff was likely to succeed on the merits of its copyright infringement and misappropriation claims. Docket No. 96. Judge Du prohibited Defendants from, *inter alia*, selling, leasing, renting, or offering for sale lease, rent or subscription, to any future customers, any software applications or services that contain Plaintiff's source code or other misappropriated trade secrets; and from misappropriating any of Plaintiff's trade secrets in violation of state and federal laws. *Id.* at 16-17.

On August 30, 2016, the parties attended a settlement conference that was ultimately unsuccessful. Docket No. 125. Plaintiff submits that, in or about September 2016, Defendant Pigeat began to discuss with Mr. Manardo the potential sale of ABreez to GEM SA. Docket No. 283 at 4; Docket No. 278-4; Docket No. 278-5 at 4-5. Plaintiff further submits that, on September 28, 2016, Defendants Pigeat and Tessier, on behalf of Defendant Mobile Canada, executed a contract with Mr.

---

[1] Hereinafter, all references to "Mobile Simple" denote Mobile Simple Solutions, Inc. and Mobile Simple Solutions (IAS), Inc. together. All references to "Mobile Canada" denote Mobile Simple Solutions (IAS), Inc. Additionally, the Court notes that this case has been stayed as to Defendant Pigeat. Docket No. 232. Nonetheless, the Court refers to Defendant Pigeat as necessary throughout this order to provide necessary context.

2

Manardo, which provided that GEM SA would purchase the source code for the ABreez software. Docket No. 283 at 4-5; Docket No. 278-6 (copy of official contract in French); Docket No. 278-7 (unofficial translation of official contract).

Plaintiff submits that, on November 9, 2016, Defendant Mobile Canada and GEM SA executed an addendum to the contract. Docket No. 283 at 5; Docket No. 278-10 (copy of official addendum in French); Docket No. 278-11 (unofficial translation of addendum). Under the addendum, Mobile Canada transferred ownership of its Canadian copyright in ABreez. Docket No. 283 at 5; Docket No. 278-10 at 2 (official addendum in French); Docket No. 278-11 at 2 (unofficial translation). Plaintiff submits that the addendum purports to transfer ownership of the source code implicated in Judge Du's preliminary injunctive order. Docket No. 283 at 5; Docket No. 96 at 16-17. The addendum also calls for a "collaboration" period between GEM SA and Defendants Tessier and Pigeat, which expired on December 28, 2016. Docket No. 283 at 5-6; Docket No. 278-7 at 7; Docket No. 278-6 at 8. Plaintiff contends, however, that Mobile Simple e-mail addresses were created for Defendants Tessier and Pigeat mere days before the collaboration period expired, and that GEM SA is currently using the domain name www.mobile-simple.com to market and sell the ABreez PMS application through Defendant Tessier and possibly also through Defendant Pigeat. Docket No. 283 at 5-6; Docket No. 278-3. Additionally, Plaintiff submits that Defendants Tessier and Pigeat have discussed with Mr. Manardo continuing roles as "consultants" to GEM SA. Docket No. 283 at 6; Docket No. 283-5 at 5; Docket No. 278-4 at 4; Docket No. 278-5 at 6-7.

Plaintiff submits that the behavior of Defendants Tessier and Pigeat prevented it from learning of the deal with GEM SA and its full implications until only a few months ago. Docket No. 283 at 6-8. For example, Defendant Pigeat failed to appear at duly noticed depositions in October and November 2016 that, Plaintiff submits, likely would have elicited testimony that disclosed its existence. *Id.* at 6-7. Additionally, Plaintiff submits that, at a November 21, 2016 meeting of creditors regarding the bankruptcy of Defendant Mobile Simple Solutions, Inc., Defendant Tessier falsely asserted that ABreez "is the property of the Canadian entity," though he knew that the sale

to GEM SA had already occurred. *Id.* at 7; Docket No. 177-17 at 2. Plaintiff further submits that Defendants Tessier and Pigeat were obligated to notify Plaintiff of the sale in order to comply with certain discovery requests it served on them, but failed to do so. Docket No. 283 at 7.

Plaintiff submits that it first learned of the sale on December 9, 2016, and that it received a copy of the contract on December 12, 2016. *Id.*; Docket No. 177-27 at 2. Plaintiff further submits that it intended to elicit more information about the sale at depositions of Defendants Tessier and Pigeat duly noticed for December 15 and 16, 2016, but that both defendants failed to appear for those depositions. Docket No. 283 at 7-8; Docket No. 177-17 at 3. Thus, Plaintiff contends, it was unable to elicit any information about the sale until February 2017, when it finally succeeded in deposing Defendants Tessier and Pigeat. Docket No. 283 at 8.

On March 23, 2017, Judge Du held a hearing on Plaintiff's second motion for contempt, filed on August 11, 2016. *See* Docket No. 254 (minutes of proceedings); Docket No. 117 (Plaintiff's second motion for contempt). At the hearing, Plaintiff submitted that its source code remained embedded in Defendants' ABreez software. Docket No. 283 at 8; Docket No. 117 at 3. Judge Du agreed with Plaintiff and found that Defendants were violating the Court's preliminary injunction. Docket No. 283 at 8-9 (quoting hearing transcript). Judge Du therefore granted in part Plaintiff's second motion for contempt and directed it to submit a proposed order consistent with her oral rulings. *See* Docket No. 254. Accordingly, on March 28, 2017, Plaintiff filed a proposed order. Docket No. 255-1.

At a hearing on April 6, 2017, Judge Du approved Plaintiff's proposed order with some amendments. Docket No. 273 at 11-12. At that hearing, after Judge Du issued her order, Defendant Tessier mentioned the deal with GEM SA, asserting that he did not have the power to comply with certain aspects of Judge Du's order because his company no longer owned ABreez. *Id.* at 14. Plaintiff responded that Defendant Tessier had not properly raised that issue before Judge Du issued her ruling and that, therefore, she should disregard his assertions to the extent he was seeking any relief from the Court. *Id.* at 15. Plaintiff further submitted that the sale was initiated to circumvent

4

the Court's rulings. *Id.* Judge Du agreed that the issue whether the sale impacted Defendant Tessier's ability to comply with her order on the second motion for contempt had not been properly raised and therefore declined to address it. *Id.* at 16-17.

On April 11, 2017, Defendant Tessier filed a "notice" on the docket regarding GEM SA and compliance with the Court's order on Plaintiff's second motion for contempt. Docket No. 275. Plaintiff characterizes this notice as an "attempt[] to negotiate on behalf of GEM SA by offering terms to the Court that are incongruous with the clear language of the Second Contempt Order." Docket No. 283 at 11. Due to its growing concern over GEM SA's ownership of the ABreez software and continued collaboration with Defendants Tessier and Pigeat, Plaintiff filed the instant motion on April 17, 2017. *See* Docket No. 283 at 3.

**II.     STANDARDS**

When a party moves to amend the pleadings after the expiration of the deadline established in the scheduling order, courts review the motion through a two-step process. First, courts treat the motion as seeking to amend the scheduling order, which is governed by the "good cause" standard outlined in Rule 16(b).[2] *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* at 609. In particular, courts look to whether the deadline set in the scheduling order "cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (internal alteration omitted). Although prejudice to the opposing party may also be considered, the inquiry focuses on the movant's reasons for seeking modification. *Id.* (internal citation omitted). "If that party was not diligent, the inquiry should end." *Id.* The party seeking amendment bears the burden of establishing diligence. *See, e.g.*, *Morgal v. Maricopa Cty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012).

When "good cause" has been established under Rule 16(b), courts will then examine whether

---

[2] Unless otherwise noted, references to "Rules" denote the Federal Rules of Civil Procedure.

5

amendment is proper under the standards outlined in Rule 15(a). Rule 15(a) provides that "the court should freely give leave [to amend] when justice so requires," and there is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). Therefore, the Ninth Circuit has made clear that Rule 15(a) is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*per curiam*) (internal citations and alteration omitted). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has previously amended the complaint. *See id.* at 1052. These factors do not carry equal weight, however, and prejudice is the touchstone of the analysis. *See id.* The party opposing the amendment bears the burden of showing why leave to amend should be denied. *See, e.g.*, *Desert Protective Council v. U.S. Dep't of the Interior*, 927 F. Supp. 2d 949, 962 (S.D. Cal. 2013) (citing *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989)). When the movant fails to establish good cause under Rule 16(b), however, that shortcoming is sufficient to deny the motion and the Court need not address whether the standards in Rule 15(a) have been met. *See, e.g.*, *Morgal*, 284 F.R.D. at 460 (internal citation omitted).

## III. ANALYSIS

Plaintiff seeks leave to add GEM SA as a defendant and to add an additional claim against Defendants Tessier and Mobile Canada. *See, e.g.*, Docket No. 283 at 3, 14. The deadline to amend pleadings expired on April 7, 2016. Docket No. 55 at 2. The threshold issue before the Court, therefore, is whether Plaintiff has satisfied Rule 16(b)'s good cause standard, which focuses on Plaintiff's diligence. In particular, the key inquiry is whether the deadline to amend the pleadings set in the scheduling order could not have been met despite diligence.

Plaintiff submits that it meets Rule 16(b)'s good cause requirement because it "acted diligently in gathering relevant facts to support the claims raised in the Second Amended Complaint of successor liability against GEM SA and fraudulent conveyance against GEM SA and Defendants Tessier and Mobile Canada." Docket No. 283 at 14. Plaintiff further submits that Defendants

Tessier and Pigeat delayed its discovery of the deal with GEM SA and its information-gathering process regarding the deal by failing to comply with their discovery obligations. *Id.* Additionally, Plaintiff submits that Defendant Tessier's notice "reveal[s] that the 'new owner' of ABreez (*i.e.*, GEM SA) is in active concert and participation with the efforts of Defendants Tessier and Pigeat to circumvent Orders of this Court." *Id.* at 13. Thus, Plaintiff contends, the need to file this motion only became clear to it when, well after the deadline expired, Defendant Tessier filed his "notice" to the Court. *Id.* at 13-15.

Defendant Tessier responds that Plaintiff fails to meet Rule 16(b)'s good cause requirement because it has known about the sale since December 9, 2016, yet waited more than four months to file the instant motion. Docket No. 300 at 2.[3] Plaintiff replies that Defendant Tessier fails to rebut Plaintiff's showing of good cause because, it submits, it acted diligently in gathering information once it learned of the sale. Docket No. 302 at 2. Plaintiff further submits that Defendant's response ignores both its assertion that information revealed by Defendant's April 11, 2017, notice ultimately prompted its filing, and its contention that the behavior of Defendants Tessier and Pigeat obstructed its information-gathering process. *Id.* at 2-3.

The Court finds that Plaintiff has met its burden of demonstrating good cause under Rule 16(b). Conduct that occurred after the deadline to amend pleadings expired necessitated the instant motion. The Court finds, therefore, that Plaintiff could not have met the deadline to amend pleadings despite its diligence. Additionally, Plaintiff did not learn of the sale until approximately three months after it occurred, through no fault of its own. Moreover, Plaintiff attempted to begin gathering information immediately after it learned of the sale, but faced significant obstacles in doing so because of Defendants' repeated failure to appear for duly noticed depositions. Additionally, the full extent of Defendants' continued collaboration and communication with GEM

---

[3] Defendant Tessier fails to cite to any authority in his response. *See* LR 7-2(d). Nonetheless, Defendant Tessier is a *pro se* party, therefore the Court construes his filings liberally and exercises its discretion to examine his response on its merits. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

7

SA did not become clear to Plaintiff until Defendant Tessier filed his "notice" on April 11, 2017. Plaintiff filed the instant motion less than one week after Defendant Tessier filed his notice. *See* Docket Nos. 275, 283. The Court finds, therefore, that Plaintiff has acted diligently and has shown good cause under Rule 16(b) for its failure to meet the deadline to amend the pleadings.

Having determined that Plaintiff has satisfied Rule 16(b)'s good cause standard, the Court turns to whether amendment is proper under the standards set forth in Rule 15(a). Plaintiff submits that granting it leave to amend its complaint will not prejudice Defendant Tessier because "Defendants' own act of fraudulently transferring assets to GEM SA and reliance on that sham transaction to circumvent Orders of this Court has made GEM SA a necessary party to this litigation." Docket No. 283 at 15. Plaintiff further submits that it has not amended its complaint since removing this action to federal court. *Id.* Additionally, Plaintiff contends that the second amended complaint "demonstrates a lack of bad faith and futility on the part of [Plaintiff] because it sufficiently states claims for successor liability and fraudulent transfer." *Id.* Defendant Tessier responds that the discovery period, which has already been extended, will need to be extended further if GEM SA is added as a defendant. Docket No. 300 at 2. Defendant Tessier submits that such a delay will prejudice him. *Id.* Plaintiff's reply does not address this assertion. *See* Docket No. 302.

The Court finds that Defendant Tessier has not met his burden of showing why leave to amend should be denied and that amendment is proper under Rule 15(a). Allowing Plaintiff to file its second amended complaint will not prejudice Defendant Tessier because Defendants' decision to make a deal with GEM SA and their continued collaboration with it, which appear to have been deliberately concealed from Plaintiff for months, necessitated the instant motion. Further, the Court is unpersuaded that a mere prolongation of the discovery period will prejudice Defendant Tessier. Indeed, it is Defendant Tessier's conduct, not Plaintiff's, that has caused significant delays in discovery thus far. Additionally, the Court finds that Plaintiff's request to file its second amended complaint was not made in bad faith and that amendment is not futile. The Court also notes that,

as Plaintiff submits, it has not amended the complaint since it removed this action to federal court.

## IV.  CONCLUSION

For the reasons discussed more fully above, the undersigned **GRANTS** Plaintiff's motion for leave to file the second amended complaint. Docket No. 283. No later than May 10, 2017, Plaintiff shall file its second amended complaint, Docket No. 283-2, as a separate entry on the docket.

IT IS SO ORDERED.

DATED: May 8, 2017.

_____
NANCY J. KOPPE
United States Magistrate Judge