UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BARTECH SYSTEMS INTERNATIONAL, INC.,<br>          Plaintiff(s),<br>vs.<br>MOBILE SIMPLE SOLUTIONS, INC., et al.,<br>          Defendant(s). | Case No. 2:15-cv-02422-MMD-NJK<br><br>ORDER<br><br>(Docket No. 304) |

On February 23, 2017, Plaintiff filed a motion for sanctions against Defendant Tessier ("Defendant"). Docket No. 238. Plaintiff asked the Court to award it attorneys' fees and costs caused by Defendant's failure to appear at a duly noticed deposition on December 15, 2016. *See, e.g.*, *id.* at 2. On April 5, 2017, the Court granted in part Plaintiff's motion. Docket No. 267. The Court determined that an award of fees and costs in this instance is just and that Defendant's failure to attend his deposition was not substantially justified. *Id.* at 3-4. However, the Court also found that it had insufficient information with which to conduct the relevant analysis. *Id.* at 5-6. The Court therefore ordered Plaintiff to file, no later than May 5, 2017, a renewed motion for attorneys' fees that provides all information necessary under the Rules and the case law for the Court to conduct a proper analysis. *Id.* at 6.

Now pending before the Court is Plaintiff's renewed motion for attorneys' fees. Docket No. 304. Defendant filed a response and Plaintiff filed a reply. Docket Nos. 318, 326. The only issue before the Court is the reasonableness of the fees requested. The Court finds this motion properly resolved without oral argument. *See* Local Rule 78-1. For the reasons discussed below, the Court

awards attorneys' fees of $2,238.20 and declines to award the costs requested.

**I.   ANALYSIS**

Reasonable attorneys' fees are generally calculated using the traditional "lodestar" method. *See, e.g.*, *Camacho v. Bridgeport Fin'l, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). Under the lodestar method, the Court determines a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar figure is presumptively reasonable. *Cunningham v. Cty. of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988).

A.   HOURLY RATE

The party seeking an award of attorneys' fees bears the burden of establishing the reasonableness of the hourly rates requested. *Camacho*, 523 F.3d at 980. "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence–in addition to the attorney's own affidavits–that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). "Affidavits of the [movant's] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the [movant's] attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). The Court may also rely on its own familiarity with the rates in the community to analyze those sought in the pending case. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

In this case, Plaintiff seeks a rate of $325 per hour each for Gregory T. Lawrence, a partner at Conti Fenn & Lawrence, and Michael R. Kealy, Vice-President of Parsons Behle & Latimer. Docket Nos. 304-1 at 3, 304-2 at 3. Plaintiff also attaches biographies for these two attorneys, attesting to their educational backgrounds and some of their accomplishments. Docket Nos. 304-3, 304-4. Plaintiff seeks a rate of $225 per hour for Kyle S. Kushner, an associate attorney in Mr.

1  Lawrence's firm, and provides information about Mr. Kushner's background. Docket Nos. 304-1
2  at 3, 304-5. Finally, Plaintiff seeks a rate of $135 per hour for Tanya M. Metz, a paralegal in Mr.
3  Lawrence's firm, and provides information about Ms. Metz's background. Docket Nos. 304-1 at 3,
4  304-6.

Though Defendant does not dispute the reasonableness of these rates, *see, e.g.*, Docket No. 318 at 2, the Court independently examines their reasonableness. The Court finds that the rates requested for Mr. Lawrence and Mr. Kealy are reasonable. Mr. Kushner, however, is an associate attorney with only one year and five months of experience. Docket No. 304 at 5. Accordingly, the Court finds a rate of $150 per hour reasonable for an associate with Mr. Kushner's experience. The Court need not determine the reasonableness of Ms. Metz's rate, as the Court finds that her time was not shown to have been reasonably spent due to Defendant's failure to appear at his deposition.

B.  REASONABLE HOURS

Having decided the hourly rates that should be applied in this case, the Court turns to the hours reasonably expended. The Court "has a great deal of discretion in determining the reasonableness of the fee and, as a general rule, [an appellate court] will defer to its determination . . . regarding the reasonableness of the hours claimed by the [movant]." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992)). In reviewing the hours claimed, the Court may exclude hours related to overstaffing, duplication, and excessiveness, or that are otherwise unnecessary. *See, e.g.*, *Hensley*, 461 U.S. at 433; *see also Cruz v. Alhambra Sch. Dist.*, 601 F. Supp. 2d 1183, 1191 (C.D. Cal. 2009) ("the Court must eliminate from the lodestar time that was unreasonably, unnecessarily, or inefficiently" spent).

Plaintiff seeks to recover fees for 23.7 hours of work by Mr. Lawrence, 0.6 hours of work by Mr. Kealy, 6.2 hours of work by Mr. Kushner, and 4.3 hours of work by Ms. Metz. *See* Docket Nos. 304-7, 304-9, 304-10. Defendant submits that Plaintiff seeks to recover fees that are outside the scope of the Court's order, including work performed in preparation for his co-defendant's

deposition; work performed in preparation for Defendant's December 15, 2016 deposition that was then useful to his deposition in February 2017; and travel fees and expenses that were incurred on account of both defendant and his co-defendant. *See* Docket No. 318 at 2-6. Defendant therefore submits that certain fees and expenses should not be granted, while others should be reduced. *Id.* at 3-7. Plaintiff replies that all of the fees it seeks to recover relate to Defendant, that it is irrelevant whether its counsel were able to re-use preparation work, and that its travel fees are attributable to Defendant. *See* Docket No. 326 at 2-5.

The Court finds that several entries in the billing records submitted by Plaintiff do not reflect work necessitated by Defendant's failure to appear at his deposition, and that certain entries reflect work that was useful to Defendant's February 2017 deposition. *See* Docket No. 304-7 at 4, 6-11. Additionally, both Defendant and his co-defendant caused many of the travel-related fees. The Court therefore determines that Mr. Lawrence reasonably spent 5.7 hours; Mr. Kealy reasonably spent 0.2 hours; and Mr. Kushner reasonably spent 2.1 hours of work as a result of Defendant's failure to appear at his deposition. The Court finds that Ms. Metz did not reasonably spend any hours of work as a result of Defendant's failure to appear at his December deposition.

C. LODESTAR CALCULATION

In light of the reasonable hours and rates determined above, the undersigned hereby calculates the lodestar as follows:

| ATTORNEY | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|
| Gregory T. Lawrence | 5.7 | $325 | $1,852.50 |
| Michael R. Kealy | 0.2 | $325 | $65.00 |
| Kyle S. Kushner | 2.1 | $150 | $315.00 |

Accordingly, the Court finds a lodestar amount of $2,238.20.

D. COSTS

Plaintiff requests costs incurred from Defendant Tessier's non-appearance, as well as Mr. Lawrence's trip to Las Vegas to take the depositions of Defendants Tessier and Pigeat. Docket Nos.

304-7 at 15, 304-8 at 17. Plaintiff, however, presents no receipts for the costs requested and provides no explanation for why costs should be awarded for the videotaping notice of non-appearance when a court reporter was present and similarly took a notice of non-appearance. *Cf. Johnson v. CFS II, Inc.*, 2013 WL 6841964, at *6 (N.D. Cal. Dec. 27, 2013) ("Nor has Johnson established that videotaping the Lohmeyer deposition was a reasonable cost to incur given that a court reporter also attended the deposition and prepared a transcript"); *United States v. Boeing Co.*, 2012 WL 697140, at *3 (D. Or. Feb. 29, 2012). Moreover, the affidavits that Plaintiff presents in support of its fee application do not refer in any fashion to these costs. *See* Docket Nos. 304-1, 304-2. Given the lack of support provided for this request, the Court declines to award Plaintiff these costs. *Cf.* Local Rule 54-1(b).

**II. CONCLUSION**

Accordingly, the Court **ORDERS** Defendant to pay Plaintiff $2,238.20 no later than July 5, 2017. The Court **INSTRUCTS** the Clerk's Office to serve this order on Defendant by e-mail at vintessier@gmail.com.

IT IS SO ORDERED.

DATED: June 13, 2017.

_____
NANCY J. KOPPE
United States Magistrate Judge