1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9          **DISTRICT OF NEVADA**
10
11   BARTECH SYSTEMS INTERNATIONAL, INC.,  )
                                          )     Case No. 2:15-cv-02422-MMD-NJK
           Plaintiff,                     )
12                                        )     ORDER DENYING STIPULATION TO
     vs.                                  )     REOPEN DISCOVERY
13                                        )
     MOBILE SIMPLE SOLUTIONS, INC., et al.,  )  (Docket No. 362)
14                                        )
           Defendants.                    )
15   _____ )
16          Pending before the Court is a stipulation between Plaintiff and Defendant GEM SA to reopen

17   discovery. Docket No. 362.[1] The stipulation is signed solely by these parties, and not by the remaining

18   defendant whose case is not currently stayed, Defendant Tessier.

19          "The use of orders establishing a firm discovery cutoff date is commonplace, and has impacts

20   generally helpful to the orderly progress of litigation, so that the enforcement of such an order should

21   come as a surprise to no one." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir.

22   2006). To prevail on a request to amend a scheduling order under Rule 16(b) of the Federal Rules of

23   Civil Procedure, a movant must establish "good cause" for doing so. *See Johnson v. Mammoth*

24   *Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992); *see also* Local Rule 26-4. The good cause

25   inquiry focuses primarily on the movant's diligence. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271,

26
27          _____

28          [1]While the stipulation states that it requests extension of remaining discovery deadlines, most of the
     deadlines for which extensions are requested have already expired. See Docket No. 362 at 1, 4.

1294-95 (9th Cir. 2000). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. While prejudice to the opposing party may also be considered, where the movant "fail[s] to show diligence, 'the inquiry should end.'" *Coleman*, 232 F.3d at 1295 (quoting *Johnson*, 975 F.2d at 609).

Requests to extend deadlines filed after the deadlines' expiration also require a further showing of excusable neglect. *See* Local Rule 26-4; *see also Nunez v. Harper*, 2014 U.S. Dist. Lexis 84287, *6 (D. Nev. June 20, 2014). When a threshold showing of good cause is not made, however, the Court need not reach the issue of excusable neglect. *See, e.g.*, *Nunez*, 2014 U.S. Dist. Lexis 84287, at *7 n.3. District courts have "wide latitude" in determining whether to reopen discovery. *Cornwell*, 439 F.3d at 1027.

In this instance, the parties seek to extend six deadlines, four of which expired prior to the filing of the stipulation. Docket No. 362 at 4. The sole reason stated for the request for extension is that "one of the necessary parties to this action, GEM, only recently became a party to this action in May 2017," five months prior to the filing of the stipulation. *Id*. at 3. The parties state, without elaboration, that they "have not had the opportunity to engage in discovery beyond initial disclosures and initial written discovery requests." *Id*.

The parties have failed to show diligence and have failed to demonstrate that good cause exists for their request to extend the requested deadlines. Accordingly, the Court does not reach the question of excusable neglect. Additionally, the parties failed to include Defendant Tessier's position on the requested extensions. The parties' stipulation to reopen discovery, Docket No. 362, is therefore **DENIED** without prejudice.

IT IS SO ORDERED.

DATED: October 17, 2017.

_____
NANCY J. KOPPE
United States Magistrate Judge