# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| BARTECH SYSTEMS INTERNATIONAL, INC., | Case No. 2:15-cv-02422-MMD-NJK |
| Plaintiff(s), | **ORDER** |
| vs. | (Docket No. 366) |
| MOBILE SIMPLE SOLUTIONS, INC., et al., | |
| Defendant(s). | |

Pending before the Court is Plaintiff's motion to compel Defendant GEM SA's ("Defendant") responses to discovery requests. Docket No. 366. Defendant filed a response in opposition. Docket No. 382. Plaintiff filed a reply. Docket No. 397. For the following reasons, the Court **DENIES** without prejudice Plaintiff's motion to compel.

On August 17, 2017, Plaintiff propounded 58 requests for production of documents and 20 interrogatories on Defendant. Docket No. 366-2. On September 21, 2017, Defendant served its responses, including objectinos, to Plaintiff. Docket No. 366-3. The parties met and conferred on September 22, 2017, to discuss Defendant's responses and objections. Docket No. 366-4 at 3. Over the following weeks, the parties met and conferred, exchanged multiple emails, and established internal deadlines for Defendant's responses and supplements to Plaintiff's discovery requests. Docket Nos. 366-5 - 366-11.

On October 19, 2017, Plaintiff filed the instant motion to compel Defendant's responses to its discovery requests. Docket No. 366. Plaintiff submits, *inter alia*, that Defendant's numerous objections are "evasive [and] incomplete," do not specify the grounds for objections, and that Defendant fails to

provide any documents in its responses. *Id.* at 3. Plaintiff asks the Court to overrule Defendant's objections to all 58 requests for production and all 20 interrogatories for various reasons. *Id* at 3-4, 11. In response, Defendant submits that it has been diligent in conducting discovery and that it has communicated timing and deadline issues to Plaintiff as they arose. Docket No. 382 at 2-3. Further, on October 25, 2017, Defendant provided supplemental responses to Plaintiff's discovery requests. Docket No. 382-1. Defendant submits that it withdrew many of its objections from its first set of responses to Plaintiff's discovery requests, that it provided additional information in its supplemental responses, and that any remaining objections are proper. *Id.* at 4-9. In discussing its supplemental responses, Defendant fails to adequately respond to Plaintiff's initial objections. Plaintiff's reply, therefore, is in regards to Defendant's supplement responses provided on October 25, 2017, and essentially initiates a new briefing, one that is no longer based on Defendant's first set of responses. Docket No. 397.

The Court finds that the parties' pleadings are disorganized and do not provide a full briefing regarding the most contemporary set of discovery responses. Because the parties' briefing does not conform to the supplemental discovery responses, the Court hereby **ORDERS** as follows, to ensure that the parties are able to submit appropriate and contemporary arguments in a format that facilitates the Court's analysis:

1) The parties shall meet and confer regarding Defendant's supplement responses to Plaintiff's discovery requests, no later than December 29, 2017.

2) The parties shall file, no later than January 16, 2018, a joint statement regarding each discovery request for which a dispute exists after the meet and confer. That joint statement must **separately address each disputed request**, provide the text of the request, the specific objections to it, Defendant's arguments supporting each objection, and Plaintiff's arguments opposing each objection. In order to facilitate the parties' adherence to this format, the Court directs the parties' attention to C.D. Cal. Local Rule 37-2.1 as guidance.[1]

---

[1] To be clear, the parties must meaningfully address each objection with citation to legal authority. Merely identifying an objection will not suffice. *Cf. Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013) (courts may deem waived arguments that are not meaningfully developed). The joint statement must be complete in itself. The parties may not incorporate by reference

Because this is a joint submission, the page limitations established in the local rules shall not apply. To the extent necessary, the joint statement shall attach any declarations or exhibits that the parties wish to be considered. As the original movant, Plaintiff shall be responsible for compiling and filing the joint statement. *Cf.* C.D. Cal. Local Rule 37-2.2. Further, in the interest of facilitating cooperation between the parties and the proper procedure for compiling the joint statement, the parties shall exchange their arguments no later than January 9, 2018. Any subsequent modifications to the parties' arguments shall be exchanged no later than January 12, 2018.

3) In addition to filing the joint statement on the docket, Plaintiff shall deliver a courtesy copy of the joint statement (and any declarations and exhibits attached thereto) to the undersigned's box in the Clerk's Office no later than 3:00 p.m. on January 17, 2018.

IT IS SO ORDERED.

Dated: November 27, 2017

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

---

arguments made elsewhere, including a letter between the parties.