**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

BARTECH SYSTEMS INTERNATIONAL, INC.,

    Plaintiff(s),

vs.

MOBILE SIMPLE SOLUTIONS, INC., et al.,

    Defendant(s).

Case No. 2:15-cv-02422-MMD-NJK

**ORDER**

(Docket No. 455)

Pending before the Court is Plaintiff's motion to reconsider the Court's order denying Plaintiff's motion to compel. Docket No. 455. The Court has considered Plaintiff's motion, non-party Snell & Wilmer LLP's ("Snell") response, and Plaintiff's reply. Docket Nos. 455, 460, 462. The Court finds the motion properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to reconsider is **DENIED**. Docket No. 455.

**I. BACKGROUND**

On January 31, 2018, the Court denied Plaintiff's motion to compel Snell's response to Plaintiff's subpoena. Docket No. 447. The Court found that Plaintiff's motion to compel was untimely under the factors established in *Days Inn Worldwide, Inc.* Docket No. 447 at 3-4; *see also* 237 F.R.D. 395, 397 (N.D. Tex. 2006). In the instant motion, Plaintiff asks the Court to reconsider its order denying the motion to compel because "unusual circumstances" excuse the delay in filing. Docket No. 455 at 3, 9. Plaintiff further submits that the factors established in *Days Inn Worldwide, Inc.* weigh in its favor. *Id.* at 9-14; Docket No. 462 at 4-5.

## II. STANDARDS

Motions for reconsideration are disfavored. Local Rule 59-1(b); *see also Koninklijke Philips Elecs. N.V. v. KXD Tech., Inc.*, 245 F.R.D. 470, 472 (D. Nev. 2007) ("Reconsideration is an extraordinary remedy, to be used sparingly" (citation and internal quotations omitted)). The Local Rules provide the applicable standards in addressing whether the Court should reconsider an interlocutory order, indicating that reconsideration may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the Court committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law. Local Rule 59-1(a). The party seeking reconsideration bears the burden of establishing appropriate grounds for that relief. *See ESCO Corp. v. Cashman Equip. Co.*, 158 F. Supp. 3d 1051, 1076 (D. Nev. 2016) (the motion must set forth both (1) a "valid reason" for reconsideration and (2) facts or law of a "strongly convincing nature to persuade the court to reverse its prior decision" (quoting *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003)); *see also 389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (the movant bears the burden of establishing grounds for reconsideration).

## III. ANALYSIS

Plaintiff has not shown that reconsideration is appropriate. The gist of Plaintiff's position is that its motion to compel was untimely filed because of various delays in responses to its discovery requests and violations of the Court's orders, which Plaintiff attributes to Defendants. Docket No. 455 at 10, 12-13. Plaintiff further submits that it can obtain the requested discovery only from Snell because Defendant GEM, as well as Defendants Christelle Pigeat and Vincent Tessier, have proved to be incredible sources. *Id.* at 11, 13-14.

In response, Snell submits that Plaintiff fails to discuss each factor established in *Days Inn Worldwide, Inc.* and, therefore, cannot show that "unusual circumstances" exist to reverse the Court's decision. Docket No. 460 at 4. Snell further submits that Plaintiff fails to provide "'[c]hanges in ... factual circumstances ... or 'newly discovered evidence that was not available when the original motion or response was filed.'" *Id.* at 5 (internal citations omitted). Additionally, Snell requests attorneys' fees incurred in responding to the instant motion, pursuant to Fed.R.Civ.P. 45(d)(1). *Id.* at 6-7.

1    In reply, Plaintiff discusses all seven of the *Days Inn Worldwide, Inc.* factors and submits that they lean in its favor, although it submits that a "formulaic recitation" of each is not required in asking the Court to reconsider its order. Docket No. 462 at 3. Plaintiff further submits that attorneys' fees should not be awarded because it sought the discovery from Snell in good faith, has "substantial justification and need for the documents requested in the Subpoena and Notice," and because Snell should have provided the documents when Plaintiff first requested them from the original Defendants. *Id.* at 7-9.

The Court finds that Plaintiff has failed to meet its burden of establishing that appropriate grounds for reconsideration of the Court's prior order exist. Plaintiff has failed to establish that newly discovered evidence exists that was not available when it filed its motion to compel, that the Court committed clear error or its decision was manifestly unjust, or that an intervening change in controlling law has occurred.

Accordingly, Plaintiff's motion to reconsider the Court's order denying Plaintiff's motion to compel is **DENIED**. Docket No. 455. Further, Snell's request for attorneys' fees is **DENIED**. Docket No. 460.

IT IS SO ORDERED.

Dated: April 13, 2018

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE