|   |   |   |
|---|---|---|
| | UNITED STATES DISTRICT COURT | |
| | DISTRICT OF NEVADA | |
| | * * * | |
| BARTECH SYSTEMS INTERNATIONAL, INC., | Case No. 2:15-cv-02422-MMD-NJK | |
| Plaintiff, | ORDER | |
| v. | | |
| MOBILE SIMPLE SOLUTIONS, INC.; MOBILE SIMPLE SOLUTIONS (IAS), INC.; VINCENT TESSIER; CHRISTELLE PIGEAT | | |
| Defendants. | | |
| MOBILE SIMPLE SOLUTIONS, INC., a Delaware corporation, VINCENT TESSIER, an individual, CHRISTELLE PIGEAT, an individual, GEM SA, a Belgian corporation, | | |
| Counterclaimants, | | |
| v. | | |
| BARTECH SYSTEMS INTERNATIONAL, INC., a Delaware corporation, | | |
| Counter-defendant. | | |

At a hearing held on March 23, 2017, the Court directed entry of default judgment in favor of Plaintiff Bartech Systems International's ("Bartech") and against Defendant Mobile Simple Solutions (IAS), Inc. ("IAS"), who had failed to respond to an order to show cause. (ECF Nos. 254, 257.) The Court deferred determining the amount of the default judgment and any further relief pending an application by Bartech. (ECF No. 257 at 2.) Before the Court is Bartech's application for relief against IAS on default judgment

("Application"). (ECF No. 378.) Defendant GEM S.A. ("GEM"), who was named in the Second Amended Complaint ("SAC") after entry of default against IAS (ECF No. 306), filed a limited opposition to Bartech's Application (ECF No. 402); and Bartech has replied (ECF No. 414). For the reasons discussed herein, Bartech's Application is denied without prejudice.

The default judgment was entered based on the claims asserted in the First Amended Complaint ("FAC"), before Bartech's filing of the SAC.[1] (ECF No. 254.) Bartech's Application seeks about $20 million in damages and certain equitable relief asserted in both the FAC and the SAC. (ECF No. 378 at 7-8.) Several elements of the requested equitable relief—including a declaration that the conveyance of the ABreeze software and other property from IAS to GEM was fraudulent and that said conveyance be set aside—undoubtedly would affect GEM and the claims remaining for trial. (*Id.*; ECF No. 414 at 3 (Bartech does not dispute GEM's contention that certain equitable relief affects GEM's interest).) Indeed, Bartech's proposed order includes findings of fact that might obviate the need for trial on certain of the claims. (*See* ECF No. 378-1.) And trial is scheduled to commence on November 26, 2018. (ECF No. 490.)

"Entry of default does not entitle the non-defaulting party to a default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi,* 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (citation omitted). Instead, whether a court will grant a default judgment lies within the court's discretion. *Id.*

Here, the Court finds that fairness dictates against adjudication of Bartech's Application at this time, given that trial is set for three months from now and the Application seeks relief that would affect GEM, who was not involved in the prior default judgment proceedings, and the issues set for trial. While GEM does not oppose the monetary relief that Bartech requests, the Court must still assess the validity and reasonableness of such request and finds that trial will help the Court better make those determinations. Delaying

---

[1] Bartech explained the reasons for its delay in filing the Application. (ECF No. 378 at 3.)

entry of the amount of default judgment and the requested equitable relief will not result in substantial prejudice to Bartech given that trial is only months from now and IAS is essentially a bankrupt entity. Accordingly, the Court exercises it discretion to defer ruling on Bartech's Application until after trial.

It is therefore ordered that Bartech's application for relief on default judgment (ECF No. 378) is denied without prejudice to Bartech to refile within fourteen (14) days from the conclusion of trial.

DATED THIS 24th day of August 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE