# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BARTECH SYSTEMS INTERNAITONAL, INC.,

    Plaintiff(s),

v.

MOBILE SIMPLE SOLUTIONS, INC., et al.,

    Defendant(s).

Case No.: 2:15-cv-02422-MMD-NJK

**ORDER**
(Docket No. 500)

Pending before the Court is Plaintiff's motion to seal portions of its motion for leave to file a third amended complaint. Docket Nos. 500, 501, 502.

## I. STANDARDS OVERVIEW

The Ninth Circuit has held that there is a strong presumption of public access to judicial files and records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178). A party seeking to maintain the confidentiality of documents must meet the "compelling reasons" standard. *See Kamakana*, 447 F.3d at 1178 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *see also Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1102.

. . .

. . .

1

## II. ANALYSIS

Plaintiff cites two reasons for filing a redacted version of the motion for leave to file a third amended complaint. First, Plaintiff submits that the contract at issue was marked confidential under the parties' stipulated protective order. Docket No. 500 at 4. Second, Plaintiff submits that the proposed redactions protect trade secrets.

The fact that a court has entered a blanket stipulated protective order, and that a party has designated a document as confidential pursuant to that protective order, does not, standing alone, establish sufficient grounds to seal a filed document. *See Foltz,* 331 F.3d at 1133; *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Further, Plaintiff seeks to protect Defendant GEM's contract and, potential trade-secrets with the proposed redactions. Docket No. 500 at 4. Defendant, however, has not provided the Court with any justification for the redaction, much less a compelling justification. *See* Docket.

To the extent that Defendant GEM believes the documents meet the relevant standard for sealing, it must file a response that includes a declaration in support of the requested redactions. If Defendant fails to file such a response, or the response fails to make the proper showing, the Court will order the document filed on the public record.

## III. CONCLUSION

For the reasons discussed above, the Court hereby **DEFERS** ruling on Plaintiff's motion to seal. Given that the motion includes material which for which the sealing is sought, the Court **INSTRUCTS** the Clerk's Office to maintain Docket No. 501 under seal until the Court rules on the motion to seal. Any response from Defendant GEM shall be filed no later than October 9, 2018.

IT IS SO ORDERED.

Dated: October 2, 2018

Nancy J. Koppe
United States Magistrate Judge

2