# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BARTECH SYSTEMS INTERNAITONAL, INC.,

    Plaintiff(s),

v.

MOBILE SIMPLE SOLUTIONS, INC., et al.,

    Defendant(s).

Case No.: 2:15-cv-02422-MMD-NJK

**ORDER**
(Docket Nos. 501, 502)

Pending before the Court is Plaintiff's motion for leave to file its third amended complaint, seeking to add Mobile Simple Software Services (France) ("Mobile France") as a defendant in the instant case. Docket Nos. 501, 502.[1] Defendant GEM filed a limited opposition to Plaintiff's motion. Docket No. 506. Plaintiff filed a reply. Docket No. 508. For the reasons stated below, the Court hereby **GRANTS** Plaintiff's motion.

Under Fed. R. Civ. P. 15(a), "[t]he court should freely give leave when justice so requires," and there is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). As such, the Ninth Circuit has made clear that Rule 15(a) is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*per curiam*). Under Rule 15(a), courts consider various factors, including: (1) bad faith;

---

[1] Plaintiff's motion states that Plaintiff and Defendant GEM move for leave to file the Third Amended Complaint; however, the motion is signed only by Plaintiff's attorneys. Docket Nos. 501, 502.

1

(2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the movant has previously amended its pleading. *See id.* at 1052. These factors do not carry equal weight, however, and prejudice is the touchstone of the analysis. *See id.* "Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052 (emphasis in original). The party opposing amendment bears the burden of showing that amendment is not proper. *See, e.g.*, *Amareld v. Tropicana Las Vegas Hotel & Resort, Inc.*, 2014 U.S. Dist. Lexis 65050, *4 (D. Nev. May 12, 2014) (citing *Desert Protective Council v. U.S. Dept. Of The Interior*, 927 F. Supp. 2d 949, 962 (S.D. Cal. 2013)).

Here, Defendant GEM does not contend that it will be prejudiced by the proposed amendment. Docket No. 506. While Defendant GEM disagrees with Plaintiff's characterization that it has delayed the addition of Mobile France, it does not oppose granting leave to amend. Docket No. 506.

Accordingly, the motion for leave to amend is **GRANTED**. The amended complaint shall be filed and served no later than October 18, 2018.

IT IS SO ORDERED.

Dated: October 15, 2018

_____
Nancy J. Koppe
United States Magistrate Judge